FILED by \_\_MC\_\_ D.C.

Jun 2, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-20232-CR-RUIZ/BECERRA**

CASE NO. _____

18 U.S.C. § 1951
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

**FELICIE OPAL GREEN,**

          **Defendant.**

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

**Relevant Persons and Entities**

1. The Miami-Dade Corrections and Rehabilitation Department ("MDCR") operated correctional facilities throughout Miami-Dade County, Florida, including the Metro West Detention Center and the Pre-Trial Detention Center.

2. **FELICIE OPAL GREEN** was a resident of Miami-Dade County, Florida, and was employed as a corrections officer with MDCR.

**MDCR Departmental Standard Operating Procedures and Departmental Standards**

3. As a corrections officer for MDCR, **GREEN** was employed by Miami-Dade County and was required to abide by MDCR's Departmental Standard Operating Procedures ("DSOP") and Departmental Standards ("DS"), which prohibit the introduction of contraband into MDCR facilities and engaging in criminal activity.

4. For example, DSOP 11-043 prohibits the introduction of contraband, including drugs, into MDCR facilities.

5. DSOP 11-045 requires MDCR employees to detect and dispose of contraband to ensure the safety of staff, inmates, and visitors.

6. Similarly, DS 1.1.011 provides that employees shall not serve for personal gain or benefit, nor use their official position to obtain special privileges for themselves or others.

7. DS 2.2.032 requires employees to submit a MDCR Incident Report to their supervisor for any actual, attempted, or suspected bribe.

8. DS 2.2.031 prohibits employees from delivering, or causing to be delivered, any controlled substance to any person, except in the course of an employee's official duties.

**Conspiracy to Commit Hobbs Act Extortion Under Color of Official Right**
**18 U.S.C. § 1951**

9. Beginning in or around April 2022, the exact date being unknown to the Grand Jury, and continuing through in or around July 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**FELICIE OPAL GREEN,**

did knowingly and willfully combine, conspire, confederate, and agree with one another, and other persons known and unknown to the United States Attorney, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of extortion, as the terms "commerce" and "extortion" are defined in Title 18, United States Code, Sections 1951(b)(2) and (b)(3), in that the conspirators did plan to obtain United States currency and other property, from one another, with their consent, not due **GREEN**, under color of official right.

## PURPOSE OF THE CONSPIRACY

10. It was a purpose of the conspiracy for the defendant and her **conspirators** to enrich **GREEN**, and to benefit themselves, by issuing payments to **GREEN** in exchange for **GREEN**'s use of her official position as a corrections officer to bring contraband into MDCR facilities.

## MANNER AND MEANS OF THE CONSPIRACY

11. The manner and means by which the defendant and her conspirators sought to accomplish the object and purpose of the conspiracy, included, among others, the following:

12. Conspirators would sell contraband to inmates who were incarcerated in MDCR facilities.

13. Conspirators paid **GREEN** in exchange for use of her official position as a MDCR corrections officer to introduce contraband into MDCR facilities without detection in order for the contraband to be delivered to inmates.

All in violation of Title 18, United States Code, Section 1951(a).

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the Defendant **FELICIE OPAL GREEN** has an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1951, as alleged in this Information, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(l)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461.

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
IGNACIO J. VÁZQUEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

Felicie Opal Green,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
- ☒ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)
   - I ☒ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Altonaga  Case No. 23-20207-CR

9. Defendant(s) in federal custody as of N/A

10. Defendant(s) in state custody as of N/A

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Ignacio J. Vazquez, Jr.
Assistant United States Attorney
FL Bar No.  16275

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  <u>**Felicie Opal Green**</u>

**Case No:**  _____

Count #: 1

Conspiracy to Commit Hobbs Act Extortion

Title 18, United States Code, Section 1951(a)
* **Max. Term of Imprisonment:** Twenty (20) years
* **Mandatory Min. Term of Imprisonment:** None
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.